EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Iván Rivera Gómez y otros<br><br>Peticionarios<br><br>v.<br><br>Arcos Dorados Puerto Rico, Inc. y/o Arcos Dorados S.A. y/o Arcos Dorados McDonald's División del Caribe y/o sus agentes y otros<br><br>Recurridos | Certiorari<br><br>2023 TSPR 65<br><br>212 DPR ___ |

Número del Caso:  CC-2022-0425


Fecha:  8 de mayo de 2023


Tribunal de Apelaciones:

    Panel II


Abogado de la parte peticionaria:

    Lcdo. Luis Antonio Pabón Rojas


Abogado de la parte Recurrida:

    Lcdo. Rómulo A. Suero Ponce


Materia:  Procedimiento Civil – Si procede denegar, como primera sanción, la utilización de un perito cuando el descubrimiento de prueba no ha concluido en un caso sobre daños y perjuicios.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Iván Rivera Gómez y otros

    Peticionarios

        v.

                       CC-2022-425       *Certiorari*

Arcos Dorados Puerto Rico,
Inc. y/o Arcos Dorados S.A.
y/o Arcos Dorados McDonald's
División del Caribe y/o sus
agentes y otros

    Recurridos

El Juez Asociado Señor Feliberti Cintrón emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 8 de mayo de 2023.

Nos corresponde examinar si el Tribunal de Primera Instancia abusó de su discreción al denegar a la parte demandante la utilización de un perito fisiatra -como primera sanción- cuando el descubrimiento de prueba aún no había concluido en un caso sobre daños y perjuicios. Por los fundamentos que discutiremos, y bajo las circunstancias particulares de este caso, adelantamos que sí abusó de su discreción y determinamos que el Tribunal de Apelaciones erró al no expedir el recurso de *certiorari*. En consecuencia, revocamos el dictamen recurrido y devolvemos el caso al Tribunal de Primera Instancia para que permita la comparecencia del perito en cuestión.

A continuación, relatamos el historial procesal relevante al presente caso.

## I.

El 5 de julio de 2018, el Sr. Iván Rivera Gómez, la Sra. Magda R. Crespo Vigio y la Sociedad Legal de Gananciales compuesta por ambos, así como el Sr. Iván Y. Rivera Ramírez, hijo del señor Rivera Gómez (en conjunto, peticionarios), presentaron una *Demanda* sobre daños y perjuicios en contra de Arcos Dorados Puerto Rico, Inc. (Arcos Dorados) y otros codemandados (en conjunto, recurridos). Los peticionarios adujeron que, en la tarde del 7 de julio de 2017, el señor Rivera Gómez cayó al suelo luego de que su pierna izquierda cayera en un hoyo mientras caminaba hacia un restaurante de comida rápida McDonald's ubicado en Bayamón. Según detallaron, el señor Rivera Gómez recibió golpes en varias partes del cuerpo y sufrió una doble fractura en la cadera izquierda como consecuencia de la caída. Por ende, los peticionarios solicitaron el resarcimiento de los daños sufridos por la alegada negligencia de los recurridos al presuntamente no mantener el área en condiciones seguras.

El 13 de marzo de 2019, el foro de instancia celebró una conferencia inicial. En la referida vista, los peticionarios informaron que el señor Rivera Gómez sería evaluado por un perito fisiatra dentro de los quince (15) días siguientes. El tribunal de instancia concedió un término de treinta (30) días, contado a partir de la evaluación del fisiatra, para que los peticionarios

presentaran el informe pericial. Asimismo, determinó que los recurridos tendrían hasta el 27 de mayo de 2019 para informar si contratarían a un perito fisiatra y, de ser contratado, hasta el 27 de junio de 2019 para rendir su informe pericial. Por último, el foro primario dispuso que las partes tendrían hasta el 16 de julio de 2019 para terminar el descubrimiento de prueba y señaló una conferencia con antelación a juicio para el 6 de agosto de 2019.

Posteriormente, los peticionarios presentaron una moción informativa el 13 de agosto de 2019. En síntesis, indicaron que el descubrimiento de prueba se había atrasado debido a la dilación del Centro Médico de Puerto Rico en entregar los informes médicos del señor Rivera Gómez y la demora del Municipio de Bayamón en proveer un informe sobre la titularidad del predio donde ocurrió el accidente. Además, aseveraron que se encontraban en el proceso de contratar al perito para que realizara la evaluación del señor Rivera Gómez y los informes médicos, con miras a que las demás partes pudieran utilizar los mecanismos de descubrimiento de prueba que fueran necesarios.

Así pues, los peticionarios solicitaron que el tribunal de instancia convirtiera la conferencia con antelación a juicio en una vista sobre el estado de los procedimientos. En esa misma línea, el representante legal de los peticionarios solicitó ser eximido del pago de una sanción impuesta por el foro primario debido a que, según alegó, no

lograron preparar el informe de conferencia por razones ajenas a la voluntad de las partes.[1]

En conformidad con lo antes expuesto, el 11 de septiembre de 2019, el tribunal de instancia celebró una vista sobre el estado de los procedimientos. El foro primario concedió un término de cuarenta y cinco (45) días para resolver el asunto de la titularidad del lugar del accidente y dispuso que, dentro de dicho término, los peticionarios debían corroborar la entrega de todos los expedientes médicos. Por consiguiente, el tribunal de instancia concedió un término de veinte (20) días para que los peticionarios, de así entenderlo necesario, sometieran un proyecto de orden para solicitar los expedientes médicos que faltaban.

En la conferencia de estatus que se celebró el 16 de diciembre de 2019, la representación legal de los peticionarios informó que no habían decidido si iban a utilizar al perito fisiatra. Los peticionarios alegaron que su posición respondía a la situación delicada de salud que enfrentaba el señor Rivera Gómez y a que éste había incurrido en gastos sustanciales que le habían impedido contratar al referido perito. En vista de ello, el foro de instancia concedió un término de veinte (20) días para que, entre otras cosas, los peticionarios notificaran su decisión

---

[1]    Según surge del expediente, el Tribunal de Primera Instancia accedió a lo solicitado mediante una *Orden* emitida el 14 de agosto de 2019. Véase *Orden*, Apéndice del *certiorari*, pág. 85.

respecto a la contratación del perito y la información relacionada con éste.

Transcurrido el término provisto, la representación legal de los peticionarios indicó que continuarían el caso sin el perito, pues el señor Rivera Gómez se encontraba en un hospital en la ciudad de Tampa, Florida, y había sido intervenido quirúrgicamente. Luego de otras incidencias procesales, que incluyeron la autorización de una enmienda a la demanda para traer a Vicar Builder's Developers, Inc. (Vicar) como nuevo codemandado, el foro primario celebró una vista sobre el estado procesal del caso mediante videoconferencia.

En la mencionada vista, celebrada el 10 de noviembre de 2021, el foro de instancia hizo constar que aún faltaba por identificar el descubrimiento de prueba que Vicar realizaría, debido a que había sido traído recientemente al pleito. Por otro lado, los peticionarios indicaron que sí se proponían presentar la prueba pericial. Sostuvieron que consultaron con un perito fisiatra, al cual le sometieron los informes médicos para que los evaluara y determinara si finalmente intervendría en el caso.

No obstante, el tribunal de instancia determinó que la solicitud para la utilización de un perito era tardía. Particularmente, expuso que ya se había descartado la prueba pericial en apoyo a su causa de acción. De esta forma, razonó que no estaba en posición de conceder un término para presentar una prueba pericial que no se anunció previamente.

Aun así, el foro primario calendarizó las deposiciones de los peticionarios para el 27 de enero de 2022 y concedió hasta el 4 de febrero de 2022 para concluir el descubrimiento de prueba, entre otras determinaciones.

Inconformes, los peticionarios presentaron una solicitud de reconsideración el 22 de noviembre de 2021. En resumen, esbozaron que el descubrimiento de prueba aún no había terminado. Adujeron que Vicar fue traído al pleito recientemente y que las deposiciones de los peticionarios se encontraban pendientes. En consecuencia, los peticionarios expresaron que aprovecharían ese mismo periodo para materializar todo lo relacionado con la prueba pericial, por lo que su solicitud no implicaría un fracaso a la justicia ni un atraso en los procedimientos bajo las circunstancias particulares del caso. Posteriormente, el tribunal de instancia denegó la solicitud de reconsideración mediante una *Resolución* emitida el 18 de marzo de 2022.[2]

Insatisfechos, el 20 de abril de 2022, los peticionarios presentaron un recurso de *certiorari* ante el foro apelativo intermedio y alegaron que el tribunal de instancia se excedió en su discreción al denegar la utilización de un perito fisiatra para demostrar los daños relacionados con la caída del señor Rivera Gómez. Mediante una *Resolución* emitida el 25 de abril de 2022, el tribunal apelativo intermedio ordenó la paralización de los procedimientos ante

---

[2] El archivo en autos de copia de la *Resolución* fue el 23 de marzo de 2022.

el foro primario y concedió un término de veinte (20) días para que los recurridos expresaran su posición. Una vez atendidos los argumentos de todas las partes, el foro *a quo* manifestó que los peticionarios no lograron demostrar que el tribunal de instancia abusara de su discreción o cometiera un error de derecho al negarse a admitir al perito fisiatra en esta etapa de los procedimientos. De esa forma, el foro apelativo intermedio denegó la expedición del recurso de *certiorari* mediante una *Resolución* emitida el 6 de junio de 2022.[3]

Aún inconformes, el 5 de julio de 2022, los peticionarios acudieron ante este Foro mediante un recurso de *certiorari* esbozando los mismos planteamientos y señalando los errores siguientes:

> Erró el Honorable Tribunal de Apelaciones al confirmar la Resolución del Tribunal de Primera Instancia que denegó a la parte demandante[,] aquí peticionaria, la utilización de [un] perito fisiatra para su caso que versa sobre una caída, excediéndose y trascendiendo el Tribunal de Primera Instancia el ámbito de su discreción.
>
> Erró [el] Honorable Tribunal Apelativo en su interpretación y aplicación al caso de epígrafe, de los criterios y elementos deliberativos dispuestos por la Regla 40 del

---

[3] El archivo en autos de copia de la *Resolución* fue el 7 de junio de 2022. Por su parte, el Juez Abelardo Bermúdez Torres emitió una expresión disidente mediante la cual expuso lo siguiente:

"No habiéndose terminado el descubrimiento de prueba ni constituir carga procesal y económica irrazonable para la parte demandada, ha debido permitirse a la parte demandante, incluir entre la prueba que el ordenamiento le obliga a descargar, el testimonio experto sobre los daños sufridos. El dictamen denegatorio emitido por los distinguidos compañeros de panel se aparta del principio medular de justicia procesal al mantener viva una irrazonable prohibición impuesta por el foro recurrido". *Resolución* del Tribunal de Apelaciones (Expresión disidente del Juez Bermúdez Torres), Apéndice del *certiorari*, pág. 8.

Reglamento del Tribunal de Apelaciones para el ejercicio de su discreción así como las disposiciones de la Regla 52.1 de Procedimiento Civil al determinar si se expide un auto de *certiorari*.

Entretanto, y en vista de que el caso ya no estaba sujeto a la paralización decretada por el foro apelativo intermedio, el tribunal de instancia emitió una *Orden* el 9 de septiembre de 2022 mediante la cual señaló una vista de conferencia con antelación al juicio para el 3 de octubre de 2022 y ordenó que las partes presentaran el informe conjunto de conferencia con antelación al juicio en o antes del 27 de septiembre de 2022. Por ende, el 12 de septiembre de 2022, los peticionarios presentaron ante nos una *Moción en auxilio de jurisdicció[n] y solicitud de paralización*.

En consecuencia, ordenamos la paralización de los procedimientos ante el foro de instancia mediante nuestra *Resolución* del 16 de septiembre de 2022. Luego, expedimos el referido recurso mediante una *Resolución* del 28 de octubre de 2022. El 1 de diciembre de 2022, los peticionaros presentaron un *Alegato de certiorari* en el cual reiteraron sus planteamientos. Tras conceder un término de diez (10) días para que los recurridos comparecieran, éstos presentaron un *Alegato en oposición* el 27 de enero de 2023. Así las cosas, el caso quedó sometido en los méritos para su adjudicación el 31 de enero de 2023.

Contando con el beneficio de ambas comparecencias, resolvemos.

## II.

### A. El alcance del descubrimiento de prueba y la imposición de sanciones

El descubrimiento de prueba cumple el propósito de: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. Véase R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, págs. 333-334. En particular, la Regla 23.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone lo siguiente:

> Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

En cuanto al alcance del descubrimiento, hemos adoptado la política de que el mismo debe ser amplio y liberal. Cruz Flores *et al.* v. Hosp. Ryder *et al.*, 2022 TSPR 112, 210 DPR ___ (2022); McNeil Healthcare v. Mun. Las Piedras II, 206 DPR 659, 672 (2021); Rivera y otros v. Bco. Popular, 152 DPR 140, 152 (2000). De igual forma, este Foro ha expresado que los tribunales de instancia tienen amplia discreción para

regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. Cruz Flores *et al.* v. Hosp. Ryder *et al.*, *supra*. Por lo tanto, al momento de limitar el descubrimiento de prueba según las reglas de procedimiento civil, los tribunales deberán hacer un balance entre estos dos intereses. Rivera y otros v. Bco. Popular, *supra*, págs. 154-155; Lluch v. España Service Sta., 117 DPR 729, 742-743 (1986).

Por otro lado, respecto al término para la utilización de los medios de descubrimiento de prueba, el profesor Hernández Colón señala lo siguiente:

> **El término límite para utilizar los medios de descubrimiento de prueba se determinará en la orden de calendarización que el juez tenga a bien adoptar conforme con la complejidad de las controversias y la cantidad de partes involucradas en el pleito.** Una vez las partes sometan el *Informe para el Manejo del Caso* que exige la R. 37.1, 2009, en donde detallarán toda la información y la prueba que hayan intercambiado; especificarán la que falta por intercambiar y el calendario para la utilización de los mecanismos de descubrimiento, **el juez podrá emitir una orden de calendarización en la que calendarice el descubrimiento de prueba acordado entre las partes o determinado en la Conferencia Inicial y precise el término para concluir con la etapa del descubrimiento de prueba.** (Negrilla suplida). Hernández Colón, *op. cit.*, pág. 335.

En armonía con lo antes expuesto, la Regla 37.3 de Procedimiento Civil de 2009, 32 LPRA Ap. V, provee para que el tribunal emita una orden sobre la calendarización del caso que recoja las disposiciones y acuerdos considerados en la conferencia inicial. De esta forma, la regla permite

la intervención temprana del tribunal para establecer de manera clara la calendarización del caso.[4] Al mismo tiempo, la regla dispone que "[l]os términos y los señalamientos fijados en la orden de calendarización serán de estricto cumplimiento, sujeto a la sanción establecida en la Regla 37.7 de este apéndice". Regla 37.3(c) de Procedimiento Civil de 2009, *supra*.

Como vemos, la Regla 37.7 de Procedimiento Civil de 2009, 32 LPRA Ap. V, regula lo concerniente a la imposición de sanciones económicas por incumplir con las órdenes y los señalamientos relacionados al manejo del caso, sin que medie justa causa.[5] Específicamente, el texto de la regla dispone que "**[s]i una parte o su abogado o abogada** incumple con los términos y señalamientos de esta regla, o **incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o**

---

[4] El tratadista Cuevas Segarra menciona lo siguiente sobre la Regla 37.3 de Procedimiento Civil de 2009, 32 LPRA Ap. V:

"Esta regla permite que el tribunal intervenga en el pleito desde una etapa inicial y establezca la calendarización del caso mediante orden al efecto, la cual se considera vital dentro del nuevo orden concebido para el manejo del caso". J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Publicaciones JTS, 2011, Tomo III, pág. 1108. Véase, también, Comité Asesor Permanente de las Reglas de Procedimiento Civil, *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial, Tribunal Supremo de Puerto Rico, marzo de 2008, pág. 429.

[5] Cabe destacar que nuestro ordenamiento procesal reconoce la facultad del tribunal para sancionar al abogado, a la parte o ambos en diferentes instancias. Véanse: Reglas 9.1, 9.3, 9.4, 23.1, 23.2, 34.2, 34.3, 34.4, 34.5, 34.6, 35.1, 36.7, 37.1, 37.3, 37.4, 37.7, 39.2, 39.4, 40.4, 40.10 y 44.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V. Véase, también, R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 246.

**abogada la sanción económica que corresponda".** (Negrilla suplida). Íd.

De acuerdo con este lenguaje, "[e]l juez sólo tiene discreción para considerar si las razones que brinda la parte o el abogado que incumplió son suficientes para justificar la no imposición de la sanción económica". Hernández Colón, *op. cit.*, pág. 387. **Claro está, nada impide que posteriormente se impongan sanciones más drásticas, luego de que se aperciba a la parte sobre las consecuencias del incumplimiento y se conceda un tiempo razonable para corregir la situación.** Véase J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Publicaciones JTS, 2011, Tomo III, págs. 1118-1119.

Con la aprobación de la Regla 37.7 de Procedimiento Civil de 2009, *supra*, la cual procede -en parte- de la Regla 37.3 de Procedimiento Civil de 1979, 32 LPRA Ap. III (ed. 1983), se eliminó la sanción en primera instancia de la desestimación de la demanda,[6] ya que se encuentra en conflicto con la Regla 39.2(a) de Procedimiento Civil de 2009, *supra*.[7] La Regla 37.7 de Procedimiento Civil de 2009,

---

[6] Cuevas Segarra, *op. cit.*, pág. 1118. Véase, también, Comité Asesor Permanente de las Reglas de Procedimiento Civil, *supra*, pág. 443.

[7] La Regla 39.2(a) de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone lo siguiente:

"(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya

*supra*, que además es equivalente -en parte- a la Regla 16(f) de las Reglas de Procedimiento Civil Federal, Fed. R. Civ. P. 16(f), 28 USCA, también difiere de esta última en que no contiene una referencia expresa a la regla de sanciones del descubrimiento de prueba, que incluye la limitación de la presentación de prueba en el juicio, **"pues contempla la sanción económica como el disuasivo principal con el incumplimiento con esta Regla 37 que requiere el cumplimiento cabal con los términos y señalamientos de esta regla y con la orden de manejo del caso para el buen funcionamiento"**. (Negrilla suplida). Cuevas Segarra, *op. cit.*, págs. 1119-1120.

Debemos considerar, conjuntamente, "que la medida severa de excluir del juicio el testimonio de un testigo crucial [o de un perito esencial], que es análoga a la medida extrema de la desestimación, sólo debe usarse en circunstancias excepcionales […]". Valentín v. Mun. de Añasco, 145 DPR 887, 895 (1998). En el citado caso, este Tribunal indicó que tales sanciones drásticas no son favorecidas judicialmente. Íd. Con este juicioso proceder, promovemos

---

apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término".

los valores superiores de la búsqueda de la verdad y la justicia en los procesos adjudicativos. Íd., pág. 897. De igual forma, fomentamos la política judicial de que los casos sean ventilados en los méritos. Íd. Véase, también, Cuevas Segarra, *op. cit.*, pág. 1118.

En cuanto a la figura del *perito*, hemos indicado que se trata de "'una persona que, a través de la educación o experiencia, ha desarrollado un conocimiento o destreza sobre una materia de manera que puede formar una opinión que sirva de ayuda al juzgador'". (Traducción suplida). S.L.G. Font Bardón v. Mini-Warehouse, 179 DPR 322, 338 (2010) (citando a Black's Law Dictionary, 8va ed., Minnesota, Ed. Thomson West, 2004, pág. 619). En ese sentido, "[c]omo cualquier otro testigo, la función del perito es dar a conocer la verdad, derivada de su conocimiento especializado". San Lorenzo Trad., Inc. v. Hernández, 114 DPR 704, 709-710 (1983). Cónsono con lo anterior, debemos recordar que el derecho a presentar prueba en apoyo de una reclamación constituye uno de los ejes centrales del debido proceso de ley. Valentín v. Mun. de Añasco, *supra*.

**B. Los criterios para expedir el recurso de *certiorari***

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); IG Builders *et al.* v. BBVAPR, 185 DPR 307, 337-338 (2012). En particular, la Regla 52.1 de

Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, 201 DPR 703, 709 (2019). En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y **por excepción** a lo dispuesto anteriormente, **el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales**, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público **o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.** Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Negrilla suplida). Regla 52.1 de Procedimiento Civil de 2009, *supra*.

Estas disposiciones fueron incorporadas a la Regla 52.1 de Procedimiento Civil de 2009, *supra*, mediante la Ley Núm. 220-2009 y la Ley Núm. 177-2010. Con la aprobación de esta última ley, se permitió que el Tribunal de Apelaciones pudiera atender los dictámenes interlocutorios en aquellos casos en los que esperar a la apelación constituyera un

fracaso irremediable de la justicia. Mun. de Caguas v. JRO Construction, *supra*, pág. 711. Véase, también, Cuevas Segarra, *op. cit.*, Tomo IV, pág. 1501. Por consiguiente, "*[l]a inclusión de estas enmiendas implicó, pues, el reconocimiento por parte de la Asamblea Legislativa de 'que ciertas determinaciones interlocutorias pueden afectar sustancialmente el resultado del pleito o tener efectos limitativos para la defensa o reclamación de una parte o conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata'*". (Énfasis en el original). Mun. de Caguas v. JRO Construction, *supra*, pág. 711 (citando a Hernández Colón, *op. cit.*, pág. 533).

Resulta necesario destacar que "[l]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". IG Builders *et al.* v. BBVAPR, *supra*, pág. 338. En ese sentido, los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional. La regla antes mencionada dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> > (A) Si el remedio y la disposición de la decisión recurrida, a

diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Dentro de este marco, el análisis del foro apelativo intermedio -al momento de considerar los asuntos planteados mediante el recurso de *certiorari*- no se efectúa en el vacío ni se aparta de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163, 176 (2020); IG Builders *et al.* v. BBVAPR, *supra*, pág. 338; Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 596 (2011).

## C. El abuso de discreción

Hemos establecido que no interferiremos con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Cruz Flores *et al.* v. Hosp. Ryder *et al.*, *supra*; Rivera y otros v. Bco. Popular, *supra*, pág. 155; Lluch v. España Service Sta., *supra*, pág. 745. Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. Lluch v. España Service Sta., *supra*, pág. 745.

En lo pertinente, hemos definido la discreción judicial como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'". Bco. Popular de P.R. v. Mun. de Aguadilla, 144 DPR 651, 657-658 (1997) (citando a Pueblo v. Sánchez González, 90 DPR 197, 200 (1964)). De este modo, hemos manifestado que el ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad. VS PR, LLC v. Drift-Wind, 207 DPR 253, 272 (2021); Rivera y otros v. Bco. Popular, *supra*. Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 435 (2013); Bco. Popular de P.R. v. Mun. de Aguadilla, *supra*, pág. 658.

Por último, hemos señalado que un tribunal abusa de su discreción:

> […] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. SLG Zapata-Rivera v. J.F. Montalvo, *supra* (citando a Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009)).

En vista de la normativa jurídica expuesta, procedemos con el análisis de la controversia.

## III.

Nos corresponde determinar si el Tribunal de Apelaciones erró al no expedir el recurso de *certiorari*, permitiendo que el Tribunal de Primera Instancia denegara la utilización de un perito fisiatra como primera sanción durante la etapa del descubrimiento de prueba. Por estar relacionados entre sí, discutiremos conjuntamente los dos (2) errores señalados por los peticionarios.

Los peticionarios argumentan que el foro primario denegó la presentación de prueba pericial cuando la etapa del descubrimiento de prueba aún no había concluido. Asimismo, señalan que -catorce (14) días antes de esta determinación- el tribunal de instancia autorizó una enmienda a la demanda para incluir a un nuevo codemandado. Por consiguiente, los peticionarios afirman que el haber permitido la prueba

pericial no hubiera atrasado los procedimientos. Además, argumentan que en este caso no existen las circunstancias que justifiquen la drástica determinación de denegar la utilización de un perito como sanción, por lo que el foro de instancia abusó de su discreción.

De igual forma, los peticionarios sostienen que el dictamen en cuestión tiene un efecto sustancial sobre el resultado del pleito. De esa manera, aseveran que la determinación interlocutoria debería ser revisable, pues su consideración en una etapa posterior sería inoportuna y ocasionaría un fracaso de la justicia. Finalmente, en cuanto a la tardanza en proveer la prueba pericial, los peticionarios exponen razones relacionadas con la alegada precaria situación económica y de salud que padecía el señor Rivera Gómez, así como las presuntas dificultades que enfrentaron para resolver el asunto de la titularidad del lugar del accidente.

Por otra parte, los recurridos sostienen que los peticionarios presentaron la presente causa de acción sobre daños y perjuicios en junio de 2018. Al respecto, alegan que no puede permitirse la utilización de la prueba pericial "en esta etapa tan adelantada de los procedimientos",[8] ya que esto implicaría una mayor dilación del caso, así como gastos sustanciales adicionales. De igual forma, los recurridos aseveran que las razones expuestas por los

---

[8] *Alegato en oposición*, pág. 2.

peticionarios no guardan relación alguna con la contratación de la prueba pericial. En consecuencia, arguyen que el foro primario no abusó de su discreción al emitir su dictamen, pues dicha determinación obedeció a la inacción e incumplimiento con las órdenes del mencionado foro.

En este caso, el tribunal de instancia procuró encauzar el proceso de descubrimiento de prueba al conceder varias oportunidades para que los peticionarios gestionaran la evaluación médica de un perito fisiatra y presentaran el informe correspondiente.[9] Los peticionarios incumplieron con presentar la prueba pericial dentro de los términos establecidos por el foro primario y esbozaron varias justificaciones fundadas en la presunta situación de salud del señor Rivera Gómez, los altos gastos incurridos y las dificultades para resolver el asunto de la titularidad del lugar en donde ocurrió el accidente. Una vez transcurrido el último término concedido por el tribunal de instancia, la representación legal de los peticionarios particularmente informó que el señor Rivera Gómez había sido intervenido

---

[9] En particular, el Tribunal de Primera Instancia emitió los dictámenes siguientes:

(1) el 13 de marzo de 2019 concedió un término de treinta (30) días, contado a partir de la evaluación del fisiatra, para que el Sr. Iván Rivera Gómez, la Sra. Magda R. Crespo Vigio y la Sociedad Legal de Gananciales compuesta por ambos, así como el Sr. Iván Y. Rivera Ramírez, hijo del señor Rivera Gómez (en conjunto, peticionarios), presentaran el informe pericial; (2) el 11 de septiembre de 2019, concedió un término de veinte (20) días para que los peticionarios, de así entenderlo necesario, sometieran un proyecto de orden para solicitar los expedientes médicos que faltaban; (3) el 16 de diciembre de 2019 concedió un término de veinte (20) días para que, entre otras asuntos, los peticionarios notificaran su decisión respecto a la contratación del perito y la información correspondiente del mismo. Véanse: *Minutas*, Apéndice del *certiorari*, págs. 81, 87 y 89.

quirúrgicamente en el estado de Florida y que a éste "no le sobraba dinero en esos momentos", por lo cual "araría[n] con los bueyes que tenía[n] sin el perito".[10]

Sin embargo, el 10 de noviembre de 2021, los peticionarios reiteraron su intención inicial de presentar la prueba pericial ante el foro primario. A pesar de que el caso aún se encontraba en la etapa del descubrimiento de prueba, el tribunal de instancia estimó que "la solicitud e[ra] tardía, ya [que] se había descartado la prueba pericial".[11] Así pues, el foro primario razonó que "no est[aba] en posición de conceder el término de presentar prueba pericial que no se anunció previamente".[12]

De entrada, destacamos la particularidad de que dicha determinación se produjo durante la etapa del descubrimiento de prueba. Como sabemos, esta etapa procesal goza de gran flexibilidad por tratarse de una fase preliminar y su duración puede depender de la complejidad de cada caso. Reconocemos que los tribunales poseen una amplia discreción para regular el ámbito del descubrimiento de prueba. Ahora bien, en el ejercicio de dicha discreción, éstos deben hacer un balance razonable entre el interés de promover una solución justa, rápida y económica del caso, y el interés de garantizar un descubrimiento de prueba amplio y liberal.

---

[10] *Alegato de certiorari*, pág. 6.

[11] *Minuta*, Apéndice del *certiorari*, pág. 93.

[12] Íd.

Somos conscientes de la evidente demora en la tramitación de este litigio. Desde el inicio de cualquier caso, se requiere de una participación activa y dinámica por parte de todos los componentes del Poder Judicial para la solución expedita de las controversias que se presentan, así como de la colaboración de los abogados para la agilización de los procedimientos. Hemos advertido que los miembros de la Judicatura no deben convertirse en meros observadores de los procesos,[13] pues están llamados a intervenir activamente para lograr una solución justa, rápida y económica de los casos.[14] De esta manera, éstos deben hacer uso de los mecanismos procesales disponibles para asegurar el control judicial desde una etapa temprana, incluso en aquellos casos que no sean categorizados como complejos.[15]

Precisamente, en aras de evitar dilaciones innecesarias en el manejo de un caso, la Regla 37.7 de Procedimiento Civil de 2009, *supra*, provee para la imposición de sanciones económicas por el incumplimiento injustificado con las órdenes y los señalamientos del tribunal.[16] Desde luego,

---

[13] Véase Granados v. Rodríguez Estrada II, 124 DPR 593, 612 (1989) (haciendo referencia a Vellón v. Squibb Mfg., Inc., 117 DPR 838 (1986) y Lluch v. España Service Sta., 117 DPR 729 (1986)).

[14] Véase Regla 1 de Procedimiento Civil de 2009, 32 LPRA Ap. V. Véase, también, Canon 11 del Código de Ética Judicial, 4 LPRA Ap. IV-B.

[15] Véase Vellón v. Squibb Mfg., Inc., *supra*, pág. 850.

[16] En términos prácticos, la regla mantiene "el saludable propósito de evitar indebidas dilaciones en las disposiciones de los asuntos, así como la acumulación excesiva de casos en los calendarios de los tribunales". Pueblo v. Vega Alvarado, 121 DPR 282, 288-289 (1998). Véase, también, Cuevas Segarra, *op. cit.*, pág. 1121.

nada impide que los tribunales impongan sanciones más severas luego de que la parte sea debidamente apercibida de la situación y de las consecuencias que acarrearía un incumplimiento subsiguiente. Por lo tanto, como primera alternativa en este caso, el foro primario debió examinar si las razones expuestas por la representación legal de los peticionarios eran suficientes para justificar la no imposición de una sanción económica. En lugar de esto, el tribunal de instancia denegó la utilización de un testigo pericial -que podría ser crucial en el juicio para sostener la reclamación de daños- durante la etapa del descubrimiento de prueba.

De igual forma, según surge del expediente, el dictamen en cuestión se impartió sin que el foro de instancia hubiera apercibido previamente a los peticionarios de las posibles consecuencias de la inacción desplegada.[17] Recordemos que el derecho a presentar prueba a favor de una reclamación constituye un pilar importante del debido proceso de ley. En armonía con lo anterior, y según señaláramos, la medida severa de excluir del juicio el testimonio de un perito esencial es análoga a la medida extrema de desestimación, por lo que sólo debe implementarse en circunstancias excepcionales. De lo contrario, socavaríamos los valores superiores de la búsqueda de la verdad, la política judicial

_____

[17] Ciertamente, "[n]o toda actitud o posición que asuma un abogado en el curso del trámite judicial de un caso debe perjudicar de inmediato al ciudadano que litiga en el sentido de privarle de la adjudicación en los méritos de sus derechos". Hernández Colón, *op. cit.*, pág. 388.

de que los casos sean ventilados en los méritos y el derecho de toda parte de tener su día en corte.

En el contexto particular de los sucesos procesales de este caso, la solicitud de los peticionarios no implicaba una carga adicional para los recurridos ni una mayor dilación en el trámite de los procedimientos. Lo cierto es que el descubrimiento de prueba todavía no había concluido y la toma de deposiciones de los peticionarios se encontraba pendiente. Más aún, el tribunal de instancia recientemente había autorizado una enmienda a la demanda para incluir a un nuevo codemandado al pleito. **Por ende, contrario a lo manifestado por el foro apelativo intermedio, determinamos que el tribunal de instancia abusó de su discreción al denegar la presentación del perito aquí envuelto sin antes considerar la imposición de sanciones menos severas; apercibir a los peticionarios de las consecuencias de su incumplimiento, y cuando el descubrimiento de prueba aún no había concluido.**

Como norma general, hemos establecido que los tribunales apelativos no habremos de interferir con las facultades discrecionales de los foros primarios. Sin embargo, a la luz de la Regla 52.1 de Procedimiento Civil de 2009, *supra*, y bajo los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, la intervención oportuna del tribunal apelativo intermedio era necesaria en este caso para evitar un perjuicio sustancial. **En definitiva, teniendo en cuenta la etapa procesal y demás circunstancias**

**particulares reseñadas, consideramos que no examinar la denegatoria de la utilización de un perito en casos como éste <u>resultaría en un fracaso irremediable de la justicia</u>.** Por lo tanto, en nuestra función de impartir justicia, nos vemos llamados a ejercer nuestra discreción para revocar las determinaciones del foro apelativo intermedio y del tribunal de instancia.

## IV.

Por los fundamentos que anteceden, revocamos la determinación emitida por el Tribunal de Apelaciones el 6 de junio de 2022 y el dictamen emitido por el Tribunal de Primera Instancia el 10 de noviembre de 2021. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que permita sin mayor dilación la utilización del perito fisiatra en cuestión de conformidad con lo dispuesto en esta Opinión.

Se dictará *Sentencia* en conformidad.


ROBERTO FELIBERTI CINTRÓN
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Iván Rivera Gómez y otros

    Peticionarios

       v.

Arcos Dorados Puerto Rico,
Inc. y/o Arcos Dorados S.A.
y/o Arcos Dorados McDonald's
División del Caribe y/o sus
agentes y otros

    Recurridos

CC-2022-425      *Certiorari*

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de mayo de 2023.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, revocamos la determinación emitida por el Tribunal de Apelaciones el 6 de junio de 2022 y el dictamen emitido por el Tribunal de Primera Instancia el 10 de noviembre de 2021. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que permita sin mayor dilación la utilización del perito fisiatra en cuestión de conformidad con lo dispuesto en la Opinión que antecede.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre con Opinión escrita. El Juez Asociado señor Martínez Torres disiente con Opinión escrita. La Jueza Presidenta Oronoz Rodríguez no interviene.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Iván Rivera Gómez y otros<br><br>    Peticionarios<br><br>       v.<br><br>Arcos Dorados Puerto Rico, Inc. y/o Arcos Dorados S.A. y/o Arcos Dorados McDonald's División del Caribe y/o sus Agentes y otros<br><br>    Recurridos | CC-2022-0425 | |

Opinión concurrente emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 8 de mayo de 2023.

Estoy conforme con el resultado anunciado en la Opinión que antecede en cuanto a que el Tribunal de Primera Instancia erró al no permitir que la parte peticionaria presentara prueba pericial cuando el descubrimiento de prueba no había culminado. No obstante, entiendo que la determinación recurrida es una que cae dentro del marco de discreción que tienen los foros primarios para manejar los procedimientos ante su consideración y, por tanto, no puede ser categorizada como una sanción al amparo de la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V.

El curso tomado en la Opinión Mayoritaria de catalogar la determinación del foro primario como una sanción tiene el

efecto de obligar a los tribunales de instancia a imponer sanciones económicas previo a tomar una decisión completamente discrecional. Por ende, me veo obligada a concurrir.

A continuación, expongo los antecedentes que dieron génesis a la controversia de autos.

**I**

El caso de epígrafe comenzó el 5 de julio de 2018, cuando el Sr. Iván Rivera Gómez (señor Rivera Gómez), la Sra. Magda R. Crespo Vigio y la Sociedad Legal de Gananciales compuesta por ambos, así como el Sr. Iván Y. Rivera Ramírez, hijo del señor Rivera Gómez (en conjunto, peticionarios), presentaron una Demanda en daños y perjuicios contra Arcos Dorados Puerto Rico, Inc. (Arcos Dorados) y otros (en conjunto, recurridos) a raíz de un accidente ocurrido el 7 de julio de 2017. Alegaron que mientras el señor Rivera Gómez caminaba en un área verde en dirección a un restaurante de los recurridos, localizado en Bayamón, su pierna izquierda cayó en un hoyo profundo cubierto de pasto causándole varias lesiones.

Luego de varias incidencias procesales, el 13 de marzo de 2019, se celebró la Conferencia Inicial donde los peticionarios informaron que el señor Rivera Gómez sería evaluado por un perito fisiatra y que una vez tuvieran el informe sería cursado a la otra parte. El Tribunal de Primera Instancia les ordenó realizar la evaluación del perito fisiatra dentro del término de quince (15) días y someter el

informe pericial a los treinta (30) días a partir de la evaluación. Además, dispuso el 16 de julio de 2019 como la fecha para finalizar el descubrimiento de prueba y señaló la Conferencia con Antelación al Juicio para el 9 de agosto de 2019.

El 13 de agosto de 2019, los peticionarios, mediante una moción, informaron que enfrentaron circunstancias que estaban obstaculizando finalizar el descubrimiento de prueba. Estas circunstancias consistían primero, en la demora del Centro Médico de Puerto Rico en expedir los informes médicos del señor Rivera Gómez y, segundo, del Municipio de Bayamón en presentar el informe sobre el titular del área donde ocurrió el accidente. Sostuvieron que no se logró realizar la evaluación del perito fisiatra y que se encontraban en el proceso de contratar a otro.

Así las cosas, en una Vista sobre Estado de los Procedimientos que se celebró el 16 de diciembre de 2019, la parte peticionaria expresó "que no han decidido si van a utilizar perito por la situación delicada de salud del demandante, ya que han tenido muchos gastos sustanciales y no ha[n] podido contratar perito".[1] Ante los varios asuntos del descubrimiento de prueba pendiente, el foro de instancia concedió un término de veinte (20) días, durante el cual los peticionarios notificarían su decisión de contratar a un perito en fisiatría y la información de éste, y para proveer todos los expedientes médicos que tuvieran.

---

[1] Véase *Minuta,* Apéndice de la petición de *certiorari,* pág. 88.

Así las cosas, el 19 de febrero de 2021, se celebró una conferencia de estatus. En esta, la representación legal del peticionario informó al Tribunal de Instancia que el señor Rivera Gómez salió de Puerto Rico para los Estados Unidos para someterse a un tratamiento médico. Durante la vista, los peticionarios alegaron que informaron al tribunal que continuarían el caso sin contratar a un perito fisiatra.

El 25 de marzo de 2021, se presentó una enmienda a la Demanda para traer al pleito a Vicar Builder's Developers (Vicar), como el propietario del predio en donde ocurrió el accidente. Luego, el 10 de noviembre de 2021, se celebró una Vista sobre el Estado Procesal del caso, de la cual surgió la Orden recurrida. Según consta en la Minuta, los peticionarios informaron al Tribunal de Primera Instancia que pretendían presentar prueba pericial. El Tribunal de Instancia rechazó lo planteado por los peticionarios por ser tardía y presentada luego de haber descartado la prueba pericial. Dado lo anterior no les concedió término a los peticionarios para presentarla. Además, surge que, en esta etapa, y por su reciente inclusión en el caso, estaba pendiente identificar el descubrimiento de prueba que realizaría Vicar. Dado lo anterior, se calendarizaron las deposiciones de los peticionarios para el 27 de enero de 2022, **se concedió a las partes hasta el 4 de febrero de 2022 para concluir el descubrimiento de prueba** y se señaló la Conferencia con Antelación al Juicio para el 2 de mayo de 2022.

Ante esta determinación, el 22 de noviembre de 2021, los peticionaros presentaron una Moción de Reconsideración mediante la cual solicitaron al Tribunal de Primera Instancia que le permitiera la prueba pericial. Argumentaron que al no haber terminado el descubrimiento de prueba y pendiente las deposiciones de los peticionarios, existía un periodo suficiente para atender la prueba pericial que pretendían presentar, sin provocar atraso en los procedimientos o un fracaso de la justicia. Además, que era justo permitirlo dado a las circunstancias particulares del caso. El 18 de marzo de 2022, el foro de instancia, mediante una Resolución denegó a la petición de reconsideración.[2]

Inconforme, el 20 de abril de 2022, los peticionarios acudieron al Tribunal de Apelaciones vía recurso de *certiorari.* Adujeron que el foro primario erró al denegar la utilización de un perito fisiatra para demostrar los daños relacionados con la caída, así abusando de su discreción. El foro *a quo* emitió una Resolución en la cual denegó expedir el recurso y concluyó que no se demostró que el Tribunal de Primera Instancia abusó de su discreción o cometió un error de derecho.

Aún insatisfechos, los peticionarios acudieron ante nos vía recurso de *certiorari* y esencialmente arguyeron que erró el Tribunal de Apelaciones al no permitir revisar la actuación del Tribunal de Primera Instancia de denegar la

---

[2] El archivo de autos de copia de la Resolución fue el 23 de marzo de 2022.

utilización de un perito fisiatra en la etapa del descubrimiento de prueba.

## II

## A.

Se ha reiterado que en nuestro ordenamiento civil procesal impera una política de que el descubrimiento de prueba sea uno amplio y liberal. *Cruz Flores et al. v. Hosp. Ryder et al.,* 2022 TSPR 112, pág. 30, 210 DPR ___ (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 152 (2000). Esto se debe a que un descubrimiento de prueba amplio y adecuado "facilita la tramitación de los pleitos y evita los inconvenientes, las sorpresas y las injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio". *E.L.A. v. Casta Developers,* 162 DPR 1, 9 (2004); *Rivera y otros v. Bco. Popular*, *supra*. Esta política está establecida en la Regla 23.1(a) de Procedimiento Civil, 32 LPRA Ap. V, que permite que las partes realicen el descubrimiento sobre cualquier materia que sea pertinente y no privilegiada. *Ponce Adv. Med. v. Santiago González,* 197 DPR 891, 898 (2017); *Rivera y otros v. Bco. Popular*, *supra*, pág. 153.

Asimismo, esta política de liberalidad en el descubrimiento de prueba no es absoluta, pues las Reglas de Procedimiento Civil establecen como principio rector la solución justa, rápida y económica de todo procedimiento. *Véase,* Regla 1 de Procedimiento Civil, 32 LPRA Ap. V. Más

aun, hemos reconocido que, "los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Rivera y Otros v. Bco. Popular*, *supra*, pág. 153-54; *véase, además, Cruz Flores et al. v. Hosp. Ryder et al., supra,* pág. 31; *Berrios Falcón v. Torres Merced*, 175 DPR 962, 971 (2009) *Lluch v. España Service Sta.,* 117 DPR 729, 742-743 (1986). Conforme con lo anterior, el Canon 11 del Código de Ética Judicial establece que los jueces "***deberán intervenir durante el curso de cualquier procedimiento judicial para evitar dilaciones injustificadas, para esclarecer cualquier asunto o impedir una injusticia"***. 4 LPRA Ap. IV-B,(énfasis nuestro). Sobre este particular comenta Cuevas Segara que "[m]ás que una facultad, existe un deber que se le impone al Tribunal de Primera Instancia de actuar afirmativa y dinámicamente en la tramitación de los casos ante su consideración." J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., Pubs. JTS, 2011, Tomo III, págs. 837-838 (citando a *Vives Vazquez v. E.L.A.,* 142 DPR 117, 139 (1996)).

No obstante, cualquier limitación al descubrimiento de prueba ha de ser realizado de forma razonable. *Rivera y otros v. Bco. Popular, supra*, pág. 155; J.A. Cuevas Segarra, *op. cit.,* pág. 837. Particularmente, se requiere que los tribunales de instancia realicen un balance de intereses entre la pronta solución de la controversia ante su

consideración y de velar porque las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento. *Rivera y otros v. Bco. Popular*, *supra*, pág. 154; *Lluch v. España Service Sta.*, *supra*.

Este Tribunal ha notado que como regla general los Tribunales de Instancia no deben permitir el uso de los mecanismos de descubrimiento de prueba fuera de los términos establecidos en las Reglas de Procedimiento Civil a menos que la solicitud de la parte sea presentada de forma oportuna, justificada, que su concesión no cause perjuicio o indebida dilación y que sea necesaria a la justa solución de los procedimientos. *Lluch v. España Service Sta.*, *supra,* pág. 745.[3] Cónsono con lo anterior, los foros apelativos:

> [n]o hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.

*Rivera y otros v. Bco. Popular*, *supra*, pág. 155 (citando a *Lluch v. España Service Sta.*, *supra*, pág. 745).

---

[3] Específicamente expresamos:
> Como regla general, los tribunales no deben permitir el uso de los mecanismos procesales fuera de los términos establecidos en las Reglas de Procedimiento Civil de 1979. Tampoco deben conceder prórrogas a menos que éstas se presenten dentro del término establecido en las reglas, vengan acompañadas de una adecuada justificación, el tribunal determine que al concederla no se causará perjuicio a la otra parte o una indebida dilación a la pronta solución de la controversia y que su concesión sea necesaria para lograr la justa solución de la contienda judicial.

*Lluch v. España Service Sta.*, 117 DPR 729, 742-743 (1986).

**B.**

Como parte de los cambios que trajo consigo la aprobación de las Reglas de Procedimiento Civil en 2009 se encuentra la reestructuración de la Regla 37, la cual regula todo lo relacionado al manejo del caso. Los procedimientos reglamentados por la Regla 37 de Procedimiento Civil son: la preparación del Informe de Manejo del Caso, la Conferencia Inicial, la Orden de Calendarización, la elaboración del Informe Preliminar entre Abogados en preparación para la Conferencia con Antelación al Juicio, la Conferencia con Antelación al Juicio y la Vista Transaccional; todos procedimientos anteriores al juicio. *Véanse*, Reglas 37.1-37.6 de Procedimiento Civil, 32 LPRA Ap. V. Con los cambios realizados se buscó que los foros de instancia tomaran un papel más activo en los procesos judiciales y por tanto fomentar la rápida solución de las reclamaciones. *Véase*, Informe de Reglas de Procedimiento Civil de marzo de 2008, Secretariado de la Conferencia Judicial y Notarial, pág. 414.

Cónsono con este propósito, el Comité Asesor Permanente de Reglas de Procedimiento Civil concluyó pertinente sancionar el incumplimiento, sin justa causa, de las disposiciones de la Regla 37. *Id.*, pág. 415. Por lo tanto, se modificó la anterior Regla 37.3 de Procedimiento Civil de 1979, 32 LPRA ant. Ap. III (derogada 2009)- que establecía las sanciones que el tribunal podía imponer ante el incumplimiento con las órdenes relacionadas al manejo del

caso. De esta forma, la Regla 37.7, 32 LPRA AP. V, dispone
lo siguiente:

> [s]i una parte o su abogado o abogada *incumple con*
> *los términos y señalamientos de esta Regla*, o
> *incumple cualquier orden del tribunal para el*
> *manejo del caso* sin que medie justa causa*, el*
> *tribunal impondrá a la parte o su abogado o abogada*
> *la sanción económica que corresponda.* [. . .]

Esta modificación suprimió del texto como sanciones: la
desestimación de la demanda, la eliminación de alegaciones
y la imposición del pago de costas y honorarios de abogado.
En cambio, la Regla 37.7, *supra,* ahora establece una sola
sanción por el incumplimiento injustificado con órdenes y
señalamientos del caso: la sanción económica*. Id.* La
desestimación de la demanda y la eliminación de alegaciones-
ambas más drásticas que la sanción económica- fueron
eliminadas a razón de que imponerlas en primer lugar
contraviene la política pública de que los casos se ventilen
en los méritos. *Véase,* J.A. Cuevas Segarra, *op. cit.*, pág.
1118. Así, otorgándole "un carácter más severo y mandatorio
a la sanción económica". Informe de Reglas de Procedimiento
Civil, *supra,* pág. 443. Lo anterior no significa que el
Tribunal de Primera Instancia no pueda imponer sanciones más
drásticas a una parte que ha sido sancionada económicamente,
y que luego de haberle concedido un término para cumplir,
apercibido de las consecuencias de su incumplimiento, aun
así, incumple con los términos, señalamientos u órdenes del
tribunal relacionadas con el manejo del caso. J.A. Cuevas
Segarra*, op. cit.*, págs. 1118-1119.

**III**

Como reseñamos anteriormente, el foro primario determinó no conceder a la parte peticionaria su solicitud para presentar prueba pericial cuando aún no había finalizado el descubrimiento de prueba. El tribunal *a quo* fundamentó su proceder en que la petición se presentó a destiempo y se había descartado durante el transcurso del descubrimiento de prueba.

La Opinión Mayoritaria entiende que este proceder constituyó un abuso de discreción, por lo cual revoca al Tribunal de Primera Instancia y permite la presentación de la prueba pericial. Particularmente, señala que en el caso de autos el descubrimiento de prueba todavía no había concluido, ya que restaba la toma de deposiciones de los peticionarios. También resultó que poco antes de la determinación recurrida el Tribunal de Instancia autorizó la inclusión de Vicar al pleito y estaba pendiente el descubrimiento que este realizaría. Por lo anterior, la Mayoría entendió que el permitir la preparación de la prueba pericial no presentaba una carga procesal adicional a los recurridos ni una dilación en los procedimientos.

La determinación recurrida no reflejó un balance razonable entre el interés de promover una solución justa, rápida y económica del caso, y el interés de garantizar un descubrimiento de prueba amplio y liberal, por lo cual estoy de acuerdo con su revocación. Como señala la Opinión, el conceder lo solicitado por los peticionarios no presentaba

una carga procesal adicional a los recurridos ni una dilación en los procedimientos. Inclusive, lejos de constituir una dilación innecesaria, la no presentación de la prueba pericial del peticionario puede ocasionar que posteriormente el tribunal desestime el pleito bajo la Regla 39.2(c) de Procedimiento Civil, 32 LPRA Ap. V.[4]

Aun así, una Mayoría de este Tribunal catalogó la determinación recurrida como una sanción. Dado a lo anterior, entendió que el curso que debía seguir el foro primario era el previsto por la Regla 37.7 de Procedimiento Civil, *supra.* Entiéndase, considerar la imposición de la sanción económica y apercibir a los peticionarios de las consecuencias de su incumplimiento. Entiendo que tal proceder **tiene la consecuencia práctica de limitar el poder discrecional de los jueces de primera instancia en dirigir y regular el descubrimiento de prueba**. Esto, a raíz de que la Opinión de la Mayoría, obliga a los jueces de primera instancia a imponer sanciones económicas a las partes previo a tomar una decisión que es completamente discrecional y no relacionada

---

[4] La Regla 39.2(c) de Procedimiento Civil, 32 LPRA Ap. V, dispone que:

> (c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada 'sin lugar', podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 de este apéndice y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

con el incumplimiento de una parte con los términos y órdenes relacionados al manejo del caso.

Por esta razón, difiero de la aludida determinación. Soy de la postura que el Tribunal de Instancia ejerció su poder discrecional de limitar y regular el descubrimiento de prueba. Según lo anteriormente discutido, este Tribunal ha reconocido que los foros de instancia pueden de forma discrecional regular el descubrimiento de prueba a fin de garantizar la tramitación eficiente de los casos que tienen ante sí. *Véase, Rivera y Otros v. Bco. Popular*, *supra*, pág. 153-54; *Cruz Flores et al. v. Hosp. Ryder et al.*, *supra,* pág. 31; *Lluch v. España Service Sta.*, *supra,* págs. 742-743.

Según surge del expediente, aquí no estamos ante una determinación tomada por el Tribunal a raíz del incumplimiento injustificado con los términos establecidos, sino ante una solicitud para presentar prueba adicional. El 16 de diciembre de 2019, el Tribunal de Primera Instancia ordenó a los peticionarios a informar si presentarían prueba pericial de un fisiatra. Luego, el 19 de febrero de 2021, informaron al Tribunal de Instancia su intención de no presentar prueba pericial. Así las cosas, el 10 de noviembre de 2021 los peticionarios nuevamente solicitaron que se le permitiera presentar prueba pericial. De la anterior síntesis del trasfondo procesal, no surge incumplimiento que amerite recurrir a lo dispuesto en la Regla 37.7 de Procedimiento Civil, *supra.* La Regla 37.7, *supra,* busca imponer sanciones por el incumplimiento, sin justa causa,

con los términos, señalamientos u órdenes del tribunal relacionadas con el manejo del caso, cosa que no ha sucedido en la controversia ante nos.

En vez, el Tribunal *a quo* estaba ante una petición de parte para permitir la presentación de prueba no anunciada, lo que constituye a mi entender una determinación interlocutoria de carácter discrecional. Tal determinación está sujeta a que el tribunal inferior haya actuado razonablemente. Los foros apelativos revisaremos tales determinaciones cuando se demuestre que (1) se actuó con prejuicio o parcialidad, (2) se incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, *supra*, pág. 155. Al realizar este análisis, llegamos a la misma conclusión a la cual una mayoría de este tribunal llego en el día de hoy sin socavar el ámbito de discreción judicial que posee el Tribunal de Primera Instancia.

Por entender que el Tribunal de Primera Instancia, dada las circunstancias particulares del caso, debió haber permitido a los peticionarios presentar la prueba pericial cuando aún no había finalizado el descubrimiento de prueba, concurro.


                              Mildred G. Pabón Charneco
                              Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Iván Rivera Gómez y otros

    Peticionarios

      v.

                        CC-2022-0425

Arcos Dorados Puerto Rico, Inc. y/o Arcos Dorados S.A. y/o Arcos Dorados McDonald´s División del Caribe y/o sus Agentes y otros

    Recurridos

Opinión disidente emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 8 de mayo de 2023.

Disiento respetuosamente de la Opinión y Sentencia del Tribunal. Mi discrepancia consiste en que, a diferencia de este Tribunal, no veo la acción del Tribunal de Primera Instancia como una sanción de las que se contemplan en la Regla 37.3(c) de Procedimiento Civil, 32 LPRA Ap. V. Lo que hizo el foro primario fue denegar una enmienda al calendario de descubrimiento de prueba. Ese es un asunto sujeto a la discreción amplia del foro primario. Véanse, Cruz Flores et al. v. Hosp. Ryder et al., 210 DPR ___, 2022 TSPR 112 (2022); Lluch v. España Service Sta., 117 DPR 729 (1986).

Los demandantes-peticionarios intentan exponer diversas justificaciones para no haber anunciado oportunamente el uso de prueba pericial en el caso. Las razones que esbozaron están relacionadas principalmente con las alegadas dificultades para determinar la identidad del titular del predio donde ocurrieron los hechos que dieron origen a la reclamación. Entiendo que los trámites efectuados para determinar quién era el dueño del predio no guardan relación alguna con la contratación del perito y la evaluación médica que debía realizarse para probar los daños que el señor Rivera Gómez alega que sufrió. Conforme surge de las minutas, los peticionarios anunciaron su intención de utilizar un perito desde la vista celebrada el 13 de marzo de 2019, aunque en ningún momento informaron quién sería ni se proveyó prueba pericial alguna. Desde la Conferencia Inicial, el Tribunal de Primera Instancia les concedió un término para que un fisiatra evaluara al señor Rivera Gómez y se sometiera el correspondiente informe pericial. Posteriormente, los peticionarios atribuyeron la dilación en proveer la prueba pericial a que el Centro Médico no había entregado los récords médicos; sin embargo, no presentaron un proyecto de orden para solicitar los expedientes, según les fue instruido por el tribunal.

En la próxima vista, celebrada el 16 de diciembre de 2019, los peticionarios indicaron que no habían decidido si iban a utilizar perito y, más adelante, debido a la situación de salud del señor Rivera Gómez, representaron a las partes

**que no iban a utilizar prueba pericial. Dos años después**, el 10 de noviembre de 2021, los peticionarios **cambiaron de postura** y le indicaron al Tribunal de Primera Instancia que sí iban a utilizar prueba pericial. Añadieron que un fisiatra estaba evaluando el caso para indicarles sí intervendría como su perito. El tribunal denegó la solicitud por tardía pues, aunque el período de descubrimiento no había concluido todavía, ya se había descartado la utilización de prueba pericial por decisión de la misma parte demandante-peticionaria.

Conforme surge del expediente ante nos, considero que los peticionarios incumplieron con obtener oportunamente la prueba pericial para establecer los daños que reclaman en la demanda. El dictamen del foro primario denegó a los peticionarios la solicitud para que se enmendara la orden de calendarización de descubrimiento, para anunciar en esta etapa de los procedimientos el uso de prueba pericial antes descartada. Los propios peticionarios expresaron en diciembre de 2019 que no estarían presentando prueba pericial y no fue hasta noviembre de 2021, casi dos años después, que notificaron su intención de utilizarla.

Por eso -al igual que el Tribunal de Apelaciones- entiendo que el Tribunal de Primera Instancia no actuó de forma arbitraria o caprichosa, no abusó de su discreción ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho, al denegar el uso de la prueba

pericial. Por lo tanto, no se justifica nuestra intervención con la decisión recurrida.



                              RAFAEL L. MARTINEZ TORRES
                                    Juez Asociado