ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| RICARDO MACHADO MARISCAL DE GANTE, MARÍA DEL MAR MACHADO MARISCAL DE GANTE y MARÍA TERESA MACHADO MARISCAL DE GANTE<br><br>Parte Recurrida<br><br>v.<br><br>NORMA MACHADO ORTIZ, RICARDO FELIPE MACHADO ORTIZ<br><br>Parte Recurrida<br><br>NORMA AECIA ORTIZ COLÓN; RICHARD MACHADO ORTIZ; MARÍA DE LOS A. MACHADO LUNA; CARIDAD PRIMOLA GALINDO<br><br>Parte Peticionaria<br><br>IVONNE MACHADO SÁNCHEZ Y GABRIELA SOFÍA DEREQUESENS MACHADO<br><br>Parte Recurrida | TA2025CE00928 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2025CV00330<br><br>Sobre: REMOCIÓN DE EJECUTOR TESTAMENTARIO; REMOCIÓN DE EJECUTOR TESTAMENTARIO SUSTITUTO; NOMBRAMIENTO DE ALBACEA, PETICIÓN ADMINISTRACIÓN DE JUDICIAL; PARTICIÓN DE HERENCIA SUCESIÓN RICHARD MACHADO GONZÁLEZ; DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Ortiz Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 24 de febrero de 2026.

Comparece ante nos la señora Norma Aecia Ortiz Colón (la parte peticionaria) mediante petición de *Certiorari* y nos solicita la revisión de una *Resolución* emitida y notificada el 20 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* una solicitud de

reconsideración sobre la designación de un defensor judicial. Además, la parte peticionaria interpuso una *Urgente Moción en Auxilio de Jurisdicción.*

Adelantamos que, por los fundamentos que expondremos, se declara *No Ha Lugar* la solicitud en auxilio de jurisdicción y se *deniega* la expedición del auto de *certiorari*.

**I**

El 23 de enero de 2025, los hermanos Ricardo Machado Mariscal de Gante, María Teresa Machado Mariscal de Gante y María del Mar Machado Mariscal de Gante (la parte recurrida) presentaron *Demanda*[1] contra los hermanos Norma Machado Ortiz y Ricardo Felipe Machado Ortiz (la parte recurrida) sobre remoción de ejecutor testamentario; remoción de ejecutor testamentario sustituto; nombramiento de albacea, petición de administración judicial; partición de herencia sobre la sucesión de Richard Machado González, daños y perjuicios. Es menester señalar que, tanto los demandantes como los demandados, eran descendientes del causante, el Dr. Richard Machado González. Asimismo, incluyó como demandados y partes indispensables a la señora Norma Aecia Ortiz Colón, viuda del causante; la señora María de los A. Machado Luna y la señora Caridad Primola Galindo como hijas del causante. En su petitorio solicitó, entre otras cosas, que el foro primario emitiese orden paralizando la autoridad como albacea y ejecutora testamentaria de la señora Norma Machado Ortiz; declarase que el señor Ricardo Felipe Machado era incapaz de sustituirla por entender que existían conflictos de intereses, y nombrase a una persona independiente e imparcial como albacea, administrador judicial y contador partidor.

Mediante *Orden*[2] emitida el 21 de abril de 2025, el foro primario concedió veinte (20) días a la señora Ortiz Colón por para fijar su posición sobre la capacidad de la peticionaria. Lo anterior, debido a que la parte

---

[1] Sistema Unificado de Manejo y Administración de Casos para el Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 1.
[2] SUMAC TPI, a la Entrada Núm. 49.

recurrida informó tener fundamento razonable para creer que la peticionaria sufría de incapacidad mental.

Posteriormente, el 8 de mayo de 2025, el señor Richard Machado Ortiz compareció mediante *Contestación a la Demanda, Demanda contra Coparte, Reconvención y Demanda contra Tercero*.[3] El recurrido admitió muchas de las alegaciones según presentadas en la demanda. En su petitorio solicitó, entre otras cosas, la impugnación y nulidad del Testamento Abierto otorgado por el causante, y la nulidad de los poderes duraderos otorgados a los hermanos Machado Ortiz.

Por su parte, el 16 de junio de 2026, la señora Norma Aecia Ortiz Colón compareció mediante *Moción en Cumplimiento de Orden SUMAC 49*.[4] Arguyó que, como resultado de una condición médica y otras complicaciones, la peticionaria presentó un deterioro progresivo en sus evaluaciones cognoscitivas. Manifestó que, previo al deterioro cognoscitivo señalado anteriormente, la señora Ortiz Colón otorgó un *Poder Duradero*[5] con fecha del 2 de julio de 2020, designando como apoderados a sus dos hijos, el señor Felipe Ricardo Machado Ortiz y la señora Norma Machado Ortiz. Sostuvo que, conforme a lo declarado por esta *Curia* en el caso KLAN202100242, el poder duradero otorgado era válido mientras no se declarase su nulidad.

El 26 de junio de 2025, el foro primario celebró una *Vista*.[6] En la misma se evaluaron, entre otras cosas, los planteamientos sobre la incapacidad de la peticionaria, la validez del Poder Duradero otorgado, y la posibilidad de nombramiento de un defensor judicial para la señora Ortiz Colón. En virtud de lo anterior, el 1 de julio de 2025 el Tribunal de Primera Instancia emitió *Resolución y Orden*.[7] En el referido dictamen, el foro primario determinó que la peticionaria se encontraba incapacitada debido a su deterioro cognoscitivo progresivo, y que existía un conflicto de

---

[3] SUMAC TPI, a la Entrada Núm. 55.
[4] SUMAC TPI, a la Entrada Núm. 104.
[5] *Id.*, al Anejo 2.
[6] SUMAC TPI, a la Entrada Núm. 146.
[7] SUMAC TPI, a la Entrada Núm. 138.

intereses entre el nombramiento de los hermanos Machado Ortiz como coapoderados bajo el Poder Duradero y, a su vez, como ejecutores testamentarios. Por lo cual, concluyó que procedía el nombramiento de un defensor judicial imparcial para salvaguardar los derechos de la peticionaria en virtud de la Regla 15.2 de Procedimiento Civil, 32 LPRA Ap. V., R.15.2, y solicitó tres (3) nombres de personas hábiles para asumir el cargo.

Inconforme, el 10 de julio de 2025, la peticionaria compareció mediante *Moción de Reconsideración de Resolución Interlocutoria (SUMAC 138)*.[8] Arguyó que, pese a que la peticionaria se encontraba en un estado de incapacidad mental, la escritura de Poder Duradero fue otorgada previo a cualquier condición incapacitante y mientras la señora Ortiz Colón se encontraba en estado de lucidez. A tenor, solicitó la reconsideración de la determinación sobre el nombramiento de un defensor judicial, y que les permitiese a los hermanos Machado Ortiz representar a la peticionaria conforme a su voluntad expresa.

Consecuentemente, el 15 de julio de 2025, el señor Richard Machado Ortiz compareció mediante *Moción en Oposición a la Moción de Reconsideración de Resolución Interlocutoria (SUMAC 163)*.[9] Arguyó que el foro primario estaba autorizado a designar un defensor judicial en esta instancia, a pesar de la existencia de un Poder Duradero. En consecuencia, el 20 de noviembre de 2025, el Tribunal de Primera Instancia emitió una *Resolución*[10] en la cual declaró *No Ha Lugar* la reconsideración solicitada. Mediante su dictamen, el foro primario aclaró que la designación de un defensor judicial no implicaba la nulidad del Poder Duradero otorgado por la señora Ortiz Colón. Estableció que dicho nombramiento respondía únicamente a la necesidad de salvaguardar los intereses de la peticionaria y garantizar la adjudicación rápida y justa de las controversias.

---

[8] SUMAC TPI, a la Entrada Núm. 163.
[9] SUMAC TPI, a la Entrada Núm. 169.
[10] SUMAC TPI, a la Entrada Núm. 244.

Aún inconforme, el 19 de diciembre de 2025, la peticionaria acude ante nos mediante *Certiorari*,[11] y nos señala la comisión de dos (2) errores por parte del foro primario, a saber:

> EL TPI ERRÓ AL DEJAR SIN EFECTO *DE FACTO,* SIN PRUEBA O BASE LEGAL ALGUNA, UN PODER DURADERO QUE RECONOCIÓ EXPRESAMENTE COMO VÁLIDO.

> LA RESOLUCIÓN EQUIPARA ALEGADAS "CONTROVERSIAS SOBRE LA SUCESIÓN" CON SUPUESTOS "CONFLICTOS DE INTERESES" ENTRE APODERADOS Y MANDANTE SIN QUE SE HAYA PRESENTADO PRUEBA AL RESPECTO.

El 23 de enero de 2026 emitimos una *Resolución*[12] concediéndole a la parte recurrida hasta el 2 de febrero de 2026 para exponer su posición en cuanto al presente recurso. Posteriormente, el 29 de enero de 2026, la peticionaria compareció mediante *Urgente Moción en Auxilio de Jurisdicción*,[13] solicitando la paralización de los procedimientos en el foro primario por considerar que no se había resuelto de manera final y firme quien ostentaba su representación válidamente. Por su parte, el 2 de febrero de 2026, compareció la señora Norma Machado Ortiz mediante *Moción para Informar Postura Respecto al Certiorari y al Auxilio de Jurisdicción.*[14] Subsiguientemente, en la misma fecha, comparecieron los hermanos Machado Mariscal de Gante mediante *Memorando en Oposición de la Expedición del Auto de Certiorari y en Contra de Moción en Auxilio de Jurisdicción.*[15] El 3 de febrero de 2026, compareció el señor Ricardo Felipe Machado Ortiz mediante *Moción en Cumplimiento de Orden Respecto al Certiorari y Auxilio de Jurisdicción e Informativa.*[16] Mientras que, el 4 de febrero de 2026, el señor Richard Machado Ortiz compareció mediante *Alegato en Oposición a la Expedición del Auto de Certiorari y en Oposición*

---

[11] Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1.
[12] SUMAC TA, a la Entrada Núm. 2.
[13] SUMAC TA, a la Entrada Núm. 3.
[14] SUMAC TA, a la Entrada Núm. 8.
[15] SUMAC TA, a la Entrada Núm. 9.
[16] SUMAC TA, a la Entrada Núm. 10.

*a la Moción en Auxilio de Jurisdicción.*[17] Contando con la comparecencia de todas las partes, procedemos a resolver.

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, pág. 207, 212 DPR __ (2023), que cita a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders et al. v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […] *Id.*

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

---

[17] SUMAC TA, a la Entrada Núm. 12.

Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025) (Regla 40), debemos o no expedir el auto de *certiorari.* Como es sabido, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).

Finalmente, como expusimos previamente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el

Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1, *supra*. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta.*, *supra*, pág. 745.

### III

En el caso en nuestra consideración, la señora Norma Aecia Ortiz Colón recurre de una Resolución en la que se declaró No Ha Lugar una solicitud de reconsideración sobre el nombramiento de un defensor judicial, y nos plantea la comisión de dos errores por el Tribunal de Primera Instancia. En síntesis, adujo que erró el foro primario al dejar sin efecto un poder duradero que reconoció expresamente como válido, y al determinar que existen "controversias sobre la sucesión" con supuestos "conflictos de intereses" entre apoderados y mandante sin que se haya presentado prueba al respecto.

En primer lugar, al expedir o no el auto discrecional de *certiorari* nos corresponde evaluar si la materia planteada está contemplada entre los supuestos de la Regla 52.1 de Procedimiento Civil, *supra*. Al tratarse de una resolución interlocutoria, la contestación a dicha interrogante es en la afirmativa.

Ahora bien, contestado lo anterior debemos examinar el asunto que se nos plantea a la luz de los criterios contenidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. En este ejercicio, no encontramos que el tribunal primario haya incurrido en un abuso de discreción o que haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia. Tampoco se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal ni que,

intervenir en esta etapa, evitaría un perjuicio sustancial contra la parte peticionaria.

Evaluado el recurso de *certiorari* ante nuestra consideración, conforme al derecho aplicable reseñado, somos del criterio que no se justifica nuestra intervención. Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

**IV**

Por los fundamentos que anteceden, se declara *No Ha Lugar* la solicitud en auxilio de jurisdicción y se *deniega* la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones