ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JESÚS RODRÍGUEZ RODRÍGUEZ Y OTROS<br><br>Apelante<br><br>v.<br><br>FRANCISCO JOSÉ CARLOS CABRERA Y OTROS<br><br>Apelado | TA2026AP00181 | Apelación procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm.: RG2022CV00558<br><br>Sobre: Acción Reivindicatoria; Acción de Deslinde |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece ante nos el señor Jesús Rodríguez Rodríguez (en adelante, el "Apelante") mediante un Recurso de Apelación presentado el 19 de febrero de 2026. En su recurso, nos solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia, Sala de Fajardo (en adelante, el "TPI" o "foro Primario") y que se devuelva el expediente judicial a este foro para la continuación de los procedimientos permitiéndose la presentación de la prueba pericial del Apelante.

Por los fundamentos que expondremos a continuación se revoca la Sentencia del foro primario. Exponemos el trasfondo factico y procesal que acompaña la presente controversia.

## I.

El 16 de diciembre de 2022, el Apelante presentó una Demanda sobre acción reivindicatoria y deslinde de propiedad en contra del señor Francisco José Carlos Cabrera, la señora Ileana

Margarita Pons Anca y la Sociedad de Bienes gananciales que éstos componen, así como el Sr. Ramon Rubén Carlos Cabrera (en adelante, los "Apelados"). En su escrito adujo que es dueño de una finca localizada en el Barrio Zarzal del Municipio de Rio Grande el cual tiene una cantidad de nueve punto veinticinco (9.25) cuerdas. [1] Según surge de la Demanda, los Apelados invadieron la propiedad de los Apelantes y realizaron unas obras.[2] En específico "habían comenzado a construir una casa, y movimientos más amplios de tierra, incluyendo el terraplén, para una segunda casa".[3]

Después de varios incidentes procesales, el 29 de junio de 2023, los Apelados Ramon Rubén Carlos Cabrera y  Francisco José Carlos Cabrera presentaron su Contestación a Demanda y Reconvención por separado.[4]  En su alegación responsiva en resumidas cuentas negaron la mayoría de las alegaciones.[5] Además, señalaron que el Apelante no ha demostrado la titularidad del bien inmueble que reclama, ni ha evidenciado haber adquirido las participaciones hereditarias correspondientes.[6] Añadieron que el terreno en el cual se realizó la obra les pertenece a ellos y no a los Apelantes.[7]

El 31 de julio de 2023, el Apelante presentó su Contestación a Reconvención.[8]

---

[1] Véase Ent. Sum. TPI. Núm. 1. La finca es la número 1,120 inscrita en el Tomo 17 Folio 110 del Registro de la Propiedad. La finca fue dejada en herencia por Bartolo Rodríguez a sus doce (12) hijos. La finca originalmente tenía una cabida de dieciocho punto cinco (18.5) cuerdas. El Apelante adquirió mediante escritura pública la participación hereditaria de seis (6) de los hijos de Bartolo Rodríguez para poder adquirir las nueve punto veinticinco cuerdas (9.25).
[2] *Íd*.
[3] *Íd*. pág. 3.
[4] Véase Ent. Sum. TPI. Núm. 41 y 42 [Francisco Carlos Cabrera].
[5] *Íd*.
[6] *Íd*.
[7] *Íd*.
[8] Véase Ent. Sum. TPI. Núm. 45.

El 6 de diciembre de 2023, se llevó a cabo la Conferencia Sobre Estados de Procedimientos.[9] En esta vista se señaló que se contrató a un agrimensor, sin embargo, el perito no pudo entrar a la finca y ahora no se encuentra disponible. El TPI expresó que "[l]a parte demandante tendrá 60 días para informar las gestiones realizadas y en 90 días el nombre del agrimensor y presentar su informe pericial".

El 12 de marzo de 2024, se llevó a cabo una vista en torno al estado de los procedimientos, la parte Apelante mencionó que todavía está pendiente la contratación de un agrimensor.[10] El TPI enunció que:

> Se concede al licenciado Noriegas Costas un término perentorio de 20 días para concluir la contratación del perito y notificar el "curriculum vitae" a las representaciones legales, a través de correo electrónico. A partir de la notificación, concede el término de 45 días para realizar la agrimensura con todas las partes, conforme a la Ley. Una vez transcurrido el término, se dará por renunciada la prueba pericial de la parte demandante.[11]

El 30 de abril de 2024, el Apelante presentó una Moción informativa, solicitud de término para someter mensura certificada y solicitud de transferencia de vista con antelación a juicio.[12] En este escrito adujo que el agrimensor no podía continuar como perito en el caso dado a que tenía un conflicto de interés potencial en áreas donde existan líneas de la Autoridad de Energía Eléctrica que es cliente suyo.[13] Por lo cual, anuncio como perito al agrimensor Antonio Sanes.[14] Según se desprende de la moción el agrimensor necesitaba un plazo de treinta (30) días para llevar a cabo la mensura correspondiente.[15]

---

[9] Véase Ent. Sum. TPI. Núm. 51.
[10] Véase Ent. Sum. TPI. Núm. 56.
[11] *Íd*, pág. 2.
[12] Véase Ent. Sum. TPI. Núm. 60.
[13] *Íd*.
[14] *Íd.*
[15] *Íd.*

El 7 de mayo de 2024, los Apelados formularon una Moción en cumplimiento de orden expedita en la cual destacaron que se brindó tardíamente el nombre del Agrimensor que sería utilizado en el caso y que todavía no se había realizado el deslinde.[16] Por lo cual, solicitaron que se diera por renunciada la prueba pericial conforme a lo ordenado por el TPI.[17]

El 20 de mayo de 2024, el foro primario en la Conferencia con Antelación a Juicio y Vista Transaccional esbozó que se debió haber contratado al agrimensor y haber realizado la mensura antes de haber presentado la demanda. Por consiguiente, el TPI declaró "No Ha Lugar la solicitud de extensión del término presentada por la parte demandante y determina dar por renunciada la prueba pericial por su parte".[18] Priva a la parte demandante (aquí apelante) de toda posibilidad de contratar prueba pericial como primera y única sanción.

El 23 de mayo de 2024, el Apelante presentó una Moción en Cumplimiento de Orden y Solicitud de Reconsideración. [19] Por otro lado, el 10 de junio de 2024, el Apelado formuló su Oposición a Moción de Reconsideración.[20] El TPI declaro "No Ha Lugar" a la Moción de Reconsideración.[21]

Posteriormente, el 10 de septiembre de 2024, el TPI mediante una Orden expuso que:

> Examinado el estado procesal del caso, en que la parte demandante no cuenta con prueba pericial para probar sus alegaciones y el término para recurrir de dicha determinación ha [sic] a todas luces expirado, muestre causa el demandante por la que no debamos dictar Sentencia desestimando el presente caso, sin perjuicio. Tiene 10 días finales. No más.[22]

---

[16] Véase Ent. Sum. TPI. Núm. 63.
[17] *Íd*.
[18] Véase Ent. Sum. TPI. Núm. 75.
[19] Véase Ent. Sum. TPI. Núm. 76.
[20] Véase Ent. Sum. TPI. Núm. 76.
[21] Véase Ent. Sum. TPI. Núm. 80.
[22] Véase Ent. Sum. TPI. Núm. 83.

El 9 de septiembre de 2024, el Apelante presentó una Petición de *Certiorari* ante el Tribunal de Apelaciones en la cual se levantó como error que se excluyó la prueba pericial.[23] El 17 de octubre de 2024, este Tribunal de Apelaciones denegó expedir el *Certiorari*.[24]

El 21 de marzo de 2025, los Apelados presentaron una Moción de Sentencia Sumaria.[25] En su escrito esbozaron en torno a la acción de deslinde que "la demanda presentada adolece de un defecto fatal pues la misma se presentó sin que previo a ello, se hubiera invitado a los demandados a efectuar el deslinde. Además, por la naturaleza de las alegaciones, se trata de una reivindicación y no de deslinde. Por último, el demandante no cuenta con la prueba pericial necesaria para probar sus alegaciones".

El 10 de abril de 2025, el Apelante formuló su Oposición a Moción Solicitando Sentencia Sumaria.[26] En una extensa moción el Apelante estableció que:

> Las mociones de sentencia sumaria por insuficiencia de la prueba pueden o [sic] proceder en derecho, pero siempre que se haya garantizado el descubrimiento de prueba a la parte promovida. En el caso de epígrafe, cuando el descubrimiento de prueba no había concluido, el demandante solicito al tribunal una prórroga para que su nuevo perito agrimensor, Antonio Sanes, hiciera el trabajo, porque su perito anterior contratado unas semanas antes tuvo que renunciar. Aunque ello constituye justa causa, el tribunal en lugar de conceder la prórroga impuso, como primera sanción, el determinar "renunciada" la prueba pericial que aun el demandante no tenía porque no se había hecho el plano de mensura; lo cual, a pesar de la determinación del tribunal, se hizo el 5 de junio de 2024.[27] (Cita y subrayado omitido).

---

[23] Véase Ent. Sum. TPI. Núm. 88.
[24] Véase Ent. Sum. TPI. Núm. 92. Anejo Resolución Tribunal de Apelaciones 17 octubre 2024.
[25] Véase Ent. Sum. TPI. Núm. 107.
[26] Véase Ent. Sum. TPI. Núm. 109.
[27] *Íd.*, 23.

El 20 de enero de 2026, el TPI emitió Sentencia en cual declaro "No Ha Lugar" tanto la Demanda presentada por los Apelantes como la Reconvención instada por los Apelados.[28] Como parte de su Sentencia dispuso que:

> El 9 de septiembre de 2024, el demandante recurrió vía recurso de *certiorari* ante el Tribunal de Apelaciones. No obstante, el 17 de octubre de ese mismo año, el mencionado Foro denegó expedir el auto solicitado. Transcurrido el término aplicable, dicha determinación se tornó final y firme, enviando el Tribunal de Apelaciones su mandato en cuanto esa controversia el 8 de enero de 2025.
>
> Luego de varios tramites procesales, incluso instancias donde la parte demandante cuestiona e intenta que el Tribunal dejara sin efecto su determinación de dar por renunciada su prueba pericial, peticiones que, a su vez, fueron denegadas, el Tribunal permitió a las partes presentar mociones dispositivas de sentencia sumaria.

Inconforme con esta determinación, el 19 de febrero de 2026, el Apelante presentó un Recurso de Apelación ante este honorable foro y realizó los siguientes señalamientos de errores:

> **PRIMER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, Y ABUSO DE SU DISCRECIÓN, AL SUSPENDER EL JUICIO, Y EN SU LUGAR, DICTAR SENTENCIA SUMARIA POR ALEGADA INSUFICIENCIA DE LA PRUEBA DEL DEMANDANTE CUANDO DICTAR SENTENCIA SUMARIA NO PROCEDÍA EN DERECHO PORQUE DICHA SENTENCIA SE FUNDAMENTA EN UN ACTO CONSTITUTIVO DE ABUSO DE DISCRECIÓN DEL REFERIDO TRIBUNAL ASÍ RESUELTO EN EL CASO NORMATIVO DE <u>RIVERA GÓMEZ V. ARCOS DORADOS PUERTO, INC</u>, 2023 TSPR 65 Y SIENDO LA REALIDAD QUE EL DEMANDANTE POSEE, ANUNCIÓ Y NOTIFICÓ MAS DE TREINTA EXHIBITS QUE CONSTITUYEN LA PRUEBA DE TODOS LOS ELEMENTOS DE LA CAUSA DE ACCIÓN DE REIVINDICACIÓN DE PROPIEDAD.
>
> **SEGUNDO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, Y ABUSO DE SU DISCRECIÓN EN LA VISTA DEL 13 DE MAYO DE 2024, Y SUSIGUIENTEMENTE [SIC] AL IMPONER AUTOMÁTICAMENTE AL DEMANDANTE LA SEVERA SANCIÓN DE EXCLUIR EL PERITO AGRIMENSOR EN UN CASO DE REIVINDICACIÓN DE PROPIEDAD SIN PONDERAR FACTORES OBJETIVOS COMO: *VENTAJA INDEBIDA, JUSTA CAUSA, SANCIONES MENOS*

---

[28] Véase Ent. Sum. TPI. Núm. 145.

*ONEROSAS*, ENTRE OTROS, COMO LO EXIGE EL CASO DE RIVERA GÓMEZ V. ARCOS DORADOS PUERTO RICO, INC., 2023 TSPR 65.

**TERCERO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, Y ABUSÓ DE SU DISCRECIÓN AL CONSIDERAR COMO INAPELABLE LA RESOLUCIÓN EN LA QUE EXCLUYO DEL JUICIO LA PRUEBA PERICIAL DEL DEMANDANTE, COMO PRIMERA SANCIÓN, Y AL DENEGAR LAS MOCIONES DE RECONSIDERACIÓN DEL APELANTE EN CUANTO A DICHA LA EXCLUSIÓN A PESAR DE QUE EN DICHAS MOCIONES SE CITÓ EL CASO DE RIVERA V. ARCOS DORADOS, SUPRA QUE RESUELVE ESTE TIPO DE SANCIÓN CONSTITUYE ABUSO DE DISCRECIÓN.

**CUARTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, Y ABUSO DE SU DISCRECIÓN, AL EXPRESAR EN LA SENTENCIA APELADA QUE EL APELANTE INCURRIÓ EN "REITERADOS INCUMPLIMIENTOS" SIN EXPRESAR CUÁLES SON TALES ALEGADOS INCUMPLIMIENTOS, Y CUANDO EN EL EXPEDIENTE JUDICIAL NO APARECE NINGUNA SANCIÓN POR ALEGADO INCUMPLIMIENTO PREVIO; LA PRIMERA Y ÚNICA SANCIÓN EN DICHO EXPEDIENTE ES LA DRÁSTICA E INMERECIDA SANCIÓN DE EXCLUIR LA PRUEBA PERICIAL DEL DEMANDANTE.

## II.

### A. Ley del Caso.

La doctrina de la ley del caso se refiere a que "un tribunal debe seguir sus decisiones en caso posteriores". *Pueblo v. Serrano Chang*, 201 DPR 643, 653 (2018). Ahora bien, esta doctrina solo será aplicable cuando la decisión que se haya adjudicado en el foro judicial sea en los *méritos mediante un dictamen final y firme*. *Pueblo v. Serrano Chang*, supra, pág. 654 (2018); *Félix v. Las Haciendas*, 165 DPR 832, 844 (2005).

De no haber una decisión en los méritos que resuelva la controversia, la doctrina de la ley del caso será inaplicable. *Félix v. Las Haciendas*, supra, pág. 843. Por consiguiente, una decisión del Tribunal de Apelaciones será considerada como la ley del caso

si el asunto en controversia ha sido considerado y decidido en sus

méritos. *Íd*.

El Tribunal Supremo en el caso de *Cacho Pérez v. Hatton*

*Gotay*, 195 DPR 1, 10 (2016) estableció que:

> En el contexto de la adjudicación de peticiones de *certiorari* sobre asuntos interlocutorios, hemos resuelto que la denegatoria de un tribunal apelativo a expedir el auto no implica la ausencia de error en el dictamen cuya revisión se solicita, *ni constituye una adjudicación en los méritos*. Por ende, en casos como ese no aplica la doctrina de la ley del caso.

### B. Descubrimiento de Prueba

En el ámbito de procedimiento civil, el descubrimiento de

prueba busca facilitar el descubrimiento de la verdad por lo que

su propósito es que se coloque al juzgador en la mejor posición

posible para resolver de forma justa. *E.L.A. v. Casta*, 162 DPR 1,

9 (2004); *Ward v. Tribunal Superior*, 101 DPR 865, 867 (1974).

En nuestro sistema judicial impera un descubrimiento de prueba

extrajudicial que fomenta la mayor flexibilidad y cooperación entre

las partes. *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 167

(2001); *Medina v. M.S. & D. Química P.R. Inc.*, 135 DPR 716, 728

(1994).

La finalidad del descubrimiento de prueba es precisar las

cuestiones en controversia; se trata de un mecanismo auxiliar a

las alegaciones que facilita la consecución de evidencia y la

búsqueda de la verdad, evita las sorpresas en el juicio y perpetúa

la prueba. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333

(2001). El alcance del descubrimiento de prueba según provisto

por nuestro ordenamiento jurídico es uno amplio y liberal.

*Rodríguez v. Syntex*, 160 DPR 364, 394 (2003); *Rivera y otros v.*

*Bco. Popular*, 152 DPR 140, 152 (2000); *Rivera Alejandro v.*

*Algarín*, 112 DPR 830, 834 (1982). Su objetivo es que aflore la

verdad de lo ocurrido. *Alvarado v. Alemañy*, 157 DPR 672, 682 (2002).

Esta política de que el descubrimiento de prueba debe ser amplio y liberal, facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de un juicio o de tomar una decisión en el caso, cuestiones y hechos que en realidad son parte del litigio. *Rodríguez v. Syntex*, *supra*, a la pág. 394; *Rivera y otros v. Bco. Popular*, *supra*, a la pág. 152. El descubrimiento de prueba les permite a las partes precisar con exactitud las cuestiones en controversia y los hechos que deben probarse en el juicio, ya que en nuestro sistema procesal las alegaciones meramente notifican a grandes rasgos las reclamaciones y defensas de las partes. *Rivera y otros v. Bco. Popular*, *supra*, a las págs. 152-153.

Aun cuando el descubrimiento de prueba se deja en manos de los abogados, los tribunales tienen amplia discreción para regular el ámbito de descubrimiento. *Rivera y otros v. Bco. Popular*, *supra*, a las págs. 153-154. El tribunal tiene poderes específicos de supervisión a través de los mecanismos particulares de descubrimiento de prueba y el poder para sancionar a la parte que es compelida y se rehúsa a cumplir las órdenes dirigidas a descubrir prueba. A esos efectos, la Regla 34.3(b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3(b), provee al juzgador discreción para sancionar el incumplimiento de un mandato judicial que ordena descubrir prueba. En lo pertinente, la Regla establece que, si una parte deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas: "una orden para impedir a la parte que incumpla, que sostenga o se oponga a determinadas

reclamaciones o defensas, o para prohibirle la presentación de determinada materia en evidencia."

El Tribunal Supremo de Puerto Rico en el caso de *Valentín v. Mun. de Añasco*, 145 DPR 887, 894 (1998), analizó la derogada Regla 34.2(b)(2) de las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III, R. 34.2(b)(2), la cual es análoga a la actual Regla 34.3(b) de las Reglas de Procedimiento Civil, *supra*. Dicho Foro judicial estableció que esa disposición permite que un tribunal prohíba la presentación de determinada prueba, cuando la parte que interesa presentarla incumpla con una orden del tribunal para llevar a cabo o permitir descubrimiento de prueba. Para que proceda la sanción se requiere que: 1) el tribunal haya emitido con antelación una orden para llevar a cabo o permitir descubrimiento de prueba; y 2) que la parte interesada en presentar la prueba incumpla con la orden emitida por el tribunal. El Tribunal Supremo expresó que "**la medida severa de excluir del juicio el testimonio de un testigo crucial, que es análoga a la medida extrema de la desestimación, sólo debe usarse en circunstancias excepcionales, en casos en los cuales la conducta de la parte sancionada ha sido contumaz o de mala fe** [...]" (Énfasis nuestro). *Valentín v. Mun. de Añasco*, *supra*, a la pág. 895. Añadió que estas sanciones drásticas no son favorecidas judicialmente y solo se justifican cuando se obra de forma intencional o cuando no haya duda alguna de la irresponsabilidad o contumacia de la parte a la que se le impone la sanción. Íd.

Catalogada la sanción de excluir un testigo como una sanción similar a la desestimación, es menester mencionar que la Regla 39.2(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a), establece lo que debe ser el proceder del juzgador

ante el incumplimiento de las partes a las órdenes impartidas, antes de recurrir a la drástica sanción de la desestimación. La referida Regla dispone:

> *(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda.*
>
> *Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.*
>
> . . . . . . . . . .

### C. Sanciones

Una sanción es una pena que "el derecho procesal establece para obligar al respeto de la autoridad o de las normas que rigen el proceso". R. Hernández Colon, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6.a ed. rev., San Juan, Ed. Lexis Nexis, 2017, pág. 245. Este mecanismo tiene como fin vindicar los estatutos o hacer efectiva la jurisdicción de los tribunales y sus pronunciamientos. *Íd*.

Entre las múltiples fuentes de derecho en las cuales el Tribunal puede imponer sanciones se encuentra las Reglas de Procedimiento Civil. La Regla 37.3 (c) de Procedimiento Civil, 32 LPRA Ap. V establece que "[l]os términos y los señalamientos fijados en la orden de calendarización serán de estricto cumplimiento, sujeto a la sanción establecida en la Regla 37.7". A su vez, la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V expone que:

> Si una parte o su abogado o abogada incumple con los términos y señalamientos de esta Regla, o incumple cualquier orden del tribunal para el manejo del caso *sin que medie justa causa*, el tribunal impondrá a la parte o su abogado o abogada la *sanción económica que corresponda*. El dinero recaudado por estas sanciones ingresara al Fondo de Acceso a la Justicia para su disposición al amparo de la Ley 165-2013, según enmendada. (Énfasis suplido).

El juez solo tendrá discreción para evaluar si los motivos que brinda la parte o el abogado que realizo el incumplimiento son idóneos para justificar la no imposición de las sanciones económicas. Hernández Colon, *op cit*., pág. 387. Por consiguiente, el juez solamente verificara si hubo justa causa o no, en el caso de no haber una justificación valida impondrá una sanción económica.

La desestimación de la demanda con efectos de adjudicación en los méritos también podrá ser considerada como una sanción. No obstante, esta es la sanción máxima también considerada como la pena de muerte procesal. Hernández Colon, *op cit*., pág. 250.

Nuestro máximo foro en *Rivera Gómez v. Arcos Dorados Puerto Rico*, Inc., 212 DPR 194, 207 (2023) planteo que "la medida severa de excluir del juicio el testimonio de un testigo crucial [ o de un perito esencial], que es análoga a la medida extrema de desestimación, solo debe usarse en circunstancias

excepcionales". Asimismo, el Tribunal Supremo añadió que esta sanción considerada como una severa, *no es favorecida en el ámbito judicial*. *Íd*. Debido a que, existe un interés en fomentar "que los casos sean ventilados en sus méritos". *Íd*.

### D. Sentencia Sumaria por insuficiencia de prueba.

Según el tratadista Hernández Colon una moción de sentencia sumaria "es aquella que solicita que se dicte sentencia a favor del promovente a base de prueba que a la moción se acompaña sin necesidad de que se celebre vista en su fondo porque en realidad no existe controversia real sobre ningún hecho material en el caso". Hernández Colon, *op cit*, pág. 313. La moción de sentencia sumaria solo va a proceder en aquellos casos en los cuales no existan controversias reales y sustanciales en cuanto a los hechos materiales, por lo que al juez solo le restara aplicar el derecho. *Meléndez González et al v. M. Cuebas*, 193 DPR 100, 109 (2015). (Énfasis suplido). El Tribunal Supremo de Puerto Rico ha establecido que "un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". Íd., pág. 110.

La Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V. establece que la parte demandada podrá instar una Moción de Sentencia Sumaria "a partir de la fecha en que fue emplazado, pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba".

### III.

La parte apelante sostiene que el TPI erró al excluirle de poder presentar su perito, agrimensor, sin imponer sanciones previas ni apercibir a esa parte de esa exclusión como sanción

única, que ha llamado renuncia a presentar prueba pericial. Aunque le llama renuncia a presentar prueba pericial, realmente el TPI, le excluyó toda prueba pericial al apelante como sanción única.

Ante ello tenemos un reclamo, de que se deja sin prueba pericial a una parte que, aunque contrató y anunció perito, no tenía manera de saber que este último renunciaría al percatarse de un potencial problema ético con otro cliente. Y ante dicha renuncia no se le permite contratar un nuevo perito.

Cuando la parte apelante notifica la no disponibilidad de ese primer perito anunciado y su necesidad de conseguir otro perito, el TPI no lo permite y, como primera y única sanción en el caso, deja a la parte demandante, aquí apelante, sin prueba pericial.

Según esbozamos, la extrema sanción de excluir el testimonio de un testigo crucial no es favorecida en nuestro ordenamiento jurídico, solo se justifica en circunstancias excepcionales en casos en los cuales la conducta de la parte sancionada ha sido contumaz o de mala fe. *Valentín v. Mun. de Añasco*, *supra*, a la pág. 895. El Tribunal Supremo de Puerto Rico ha resuelto que dicha sanción es análoga a la medida extrema de la desestimación. Siendo ello así, en el caso en que la parte demandante deje de cumplir con cualquier orden del tribunal, el TPI debe regirse a lo dispuesto en las Reglas de Procedimiento Civil, *supra*. Íd. A tenor con la referida disposición, la severa sanción de la desestimación o la eliminación de las alegaciones sólo procederá después de un apercibimiento previo y de la imposición de sanciones económicas, concediéndole a la parte, además, un término razonable para corregir la situación.

Luego de examinar detenidamente los alegatos de las partes, así como los documentos presentados a la luz de nuestro

ordenamiento jurídico vigente, concluimos que la determinación del Tribunal de Primera Instancia de excluir el perito agrimensor fue irrazonable y contraria a Derecho. No surge de los documentos ante nuestra consideración que el TPI le haya impuesto a la parte demandante, aquí apelante, con anterioridad a la sanción de excluir su prueba pericial, sanciones menos drásticas tales como un apercibimiento y sanciones económicas previo a excluir la prueba pericial, la cual es crucial para su teoría y alegaciones. Tampoco se desprende en autos que el peticionario haya actuado de manera irresponsable, contumaz o de mala fe en la tramitación del descubrimiento de prueba. Éste ha demostrado estar inmerso junto a la parte contraria en el descubrimiento de prueba realizando las gestiones y esfuerzos correspondientes para culminar dicho trámite.

En fin, el presente caso no presenta circunstancias excepcionales que ameriten la exclusión de la prueba pericial de la parte demandante, cuyo testimonio y prueba documental como un plano de los inmuebles en esta controversia deben resultar indispensables a la parte peticionaria para probar sus alegaciones. En nuestro análisis, tomamos en cuenta, además, el valor que podría tener la prueba pericial, pues el perito excluido, con su conocimiento técnico y especializado, podría servir de gran ayuda al juzgador para entender la prueba o determinar hechos en controversia. Regla 702 de las Reglas de Evidencia, 32 LPRA Ap. VI. Por tanto, los señalamientos de error se cometieron por el Foro primario.

A la luz de lo anterior, el Tribunal de Primera Instancia deberá señalar una vista para recalendarizar los procesos de descubrimiento de prueba pendientes. Ello, bajo el apercibimiento a la parte de imposición de severas sanciones y/o cualquier otra

medida que el Tribunal entienda pertinente, en la eventualidad de que se repita un incumplimiento a sus órdenes.

**IV.**

Por los fundamentos expuestos, se revoca la Sentencia emitida por el Tribunal de Primera Instancia, Sala de Fajardo. Se devuelve el caso al referido Foro para que señale una vista y recalendarice los procesos de descubrimiento de prueba pendientes, bajo apercibimiento a la parte de imposición de severas sanciones y/o cualquier otra medida que entienda pertinente, en la eventualidad de que se repita un incumplimiento a sus órdenes.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones